**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GARY SAVELLE and** | * | **DOCKET NO. 22-cv-00390** |
| **WENDY SAVELLE** | * | |
| | * | **JUDGE: GREG GERARD** |
| | | **GUIDRY** |
| **VERSUS** | * | |
| | * | |
| **STATE FARM FIRE AND CASUALTY** | * | **MAGISTRATE JUDGE:** |
| **COMPANY** | * | **KAREN WELLS ROBY** |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY**</u>

**NOW INTO COURT**, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company ("State Farm"), who files this Answer, Affirmative Defenses, and Request for Trial By Jury; and, in support of same, states as follows:

Answering the severally numbered articles of the complaint of Gary Savelle and Wendy Savelle ("Plaintiffs"), State Farm respectfully avers:

## I.    PARTIES

1.

State Farm does not dispute the allegations of paragraph 1 upon information and belief.

2.

State Farm does not dispute the allegations of paragraph 2 upon information and belief.

3.

State Farm denies the allegations of paragraph 3 as written, except to admit that State Farm is a foreign insurance company licensed to do and doing business in the State of Louisiana.

1

7411.0096

## II.    JURISDICTION AND VENUE

State Farm re-asserts the answers contained in the preceding paragraphs above, as if restated herein.

### 4.

State Farm denies the allegations of paragraph 4.

### 5.

State Farm denies the allegations of paragraph 5.

## III.    RELEVANT FACTS

State Farm re-asserts the answers contained in the preceding paragraphs above, as if restated herein.

### 6.

State Farm does not dispute the allegations of paragraph 6 upon information and belief.

### 7.

State Farm denies the allegations of paragraph 7 as written, except to admit that State Farm issued a policy No. 18-C8-2364-2 to Gary M. Savelle and Wendy C. Savelle, which was in force and effect from April 19, 2021 to April 19, 2022; that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions, and conditions; that the complete contents and provisions of said policy are pled herein as if copied *in extenso*; and that State Farm denies everything at variance therewith.

### 8.

2

State Farm denies the allegations of paragraph 8 as written and for lack of sufficient information to justify a belief therein.  Respondent calls for strict proof.

9.

State Farm denies the allegations of paragraph 9 as written, except to admit that Claim Number 18-24D3-29L was assigned to Plaintiffs' claim.

10.

State Farm denies the allegations of paragraph 10 as written.  Respondent calls for strict proof.

11.

State Farm denies the allegations of paragraph 11, except to admit that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm, that the statutes are the best evidence of the same, and State Farm denies everything at variance therewith.

12.

State Farm denies the allegations of paragraph 12 as written and for lack of sufficient information to justify a belief therein.

13.

State Farm denies the allegations of paragraph 13 as written and for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions.

14.

7411.0096

State Farm denies the allegations of paragraph 14 as written and for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions.

15.

State Farm denies the allegations of paragraph 15 as written, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions.

16.

State Farm denies the allegations of paragraph 16 as written, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions.

17.

State Farm denies the allegations of paragraph 17 as written and for lack of sufficient information to justify a belief therein.

18.

State Farm denies the allegations of paragraph 18 as written and for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions.  Respondent calls for strict proof.

19.

7411.0096

State Farm denies the allegations of paragraph 19 as written and for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions. Respondent calls for strict proof.

20.

State Farm denies the allegations of paragraph 20 as written and for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions. Respondent calls for strict proof.

21.

State Farm denies the allegations of paragraph 21, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions. Respondent calls for strict proof.

22.

State Farm denies the allegations of paragraph 22 as written and for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions. Respondent calls for strict proof.

23.

State Farm denies the allegations of paragraph 23 as written and for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs are entitled to recover from

7411.0096

State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions.  Respondent calls for strict proof.

24.

State Farm denies the allegations of paragraph 24.  Respondent calls for strict proof.

25.

State Farm denies the allegations of paragraph 25.  Respondent calls for strict proof.

26.

State Farm denies the allegations of paragraph 26, except to admit that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm, that the statutes are the best evidence of the same, and State Farm denies everything are variance therewith.  Respondent calls for strict proof.

27.

State Farm denies the allegations of paragraph 27.  Respondent calls for strict proof.

28.

State Farm denies the allegations of paragraph 28.  Respondent calls for strict proof.

29.

State Farm denies the allegations of paragraph 29, except to admit that Plaintiffs are entitled to recover from State Farm contractual benefits for which State Farm receives satisfactory proof of loss and as otherwise consistent with the Policy's terms and conditions.  Respondent calls for strict proof.

## IV.    <u>CAUSES OF ACTION</u>

### A.  Breaches of the Insurance Contract

7411.0096

State Farm re-asserts the answers contained in the preceding paragraphs above, as if restated herein.

30.

State Farm denies the allegations of paragraph 30.

31.

State Farm denies the allegations of paragraph 31 as written, except to admit that State Farm issued a policy No. 18-C8-2364-2 to Gary M. Savelle and Wendy C. Savelle, which was in force and effect from April 19, 2021 to April 19, 2022; that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions, and conditions; that the complete contents and provisions of said policy are pled herein as if copied *in extenso*; and that State Farm denies everything at variance therewith.

32.

State Farm denies the allegations of paragraph 32 as written, except to admit that State Farm issued a policy No. 18-C8-2364-2 to Gary M. Savelle and Wendy C. Savelle, which was in force and effect from April 19, 2021 to April 19, 2022; that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions, and conditions; that the complete contents and provisions of said policy are pled herein as if copied *in extenso*; and that State Farm denies everything at variance therewith.

33.

State Farm denies the allegations of paragraph 33.  Respondent calls for strict proof.

34.

State Farm denies the allegations of paragraph 34.  Respondent calls for strict proof.

7411.0096

35.

State Farm denies the allegations of paragraph 35.  Respondent calls for strict proof.

36.

State Farm denies the allegations of paragraph 36.  Respondent calls for strict proof.

37.

State Farm denies the allegations of paragraph 37.  Respondent calls for strict proof.

38.

State Farm denies the allegations of paragraph 38.  Respondent calls for strict proof.

39.

State Farm denies the allegations of paragraph 39.  Respondent calls for strict proof.

**B. Bad Faith and Breaches of Duties of Good Faith and Fair Dealing**

State Farm re-asserts the answers contained in the preceding paragraphs above, as if restated herein.

40.

State Farm denies the allegations of paragraph 40.

41.

State Farm denies the allegations of paragraph 41, except to admit that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm, that the statutes are the best evidence of the same, and State Farm denies everything at variance therewith.  Respondent calls for strict proof.

42.

7411.0096

State Farm denies the allegations of paragraph 42 as written, except to admit that La. R.S. § 22:1973 imposes certain statutory duties on State Farm, that the statute is the best evidence of the same, and that State Farm denies everything at variance therewith.

43.

State Farm denies the allegations of paragraph 43 as written, except to admit that La. R.S. § 22:1973 imposes certain statutory duties on State Farm, that the statute is the best evidence of the same, and that State Farm denies everything at variance therewith.

44.

State Farm denies the allegations of paragraph 44 as written, except to admit that La. R.S. § 22:1892 imposes certain statutory duties on State Farm, that the statute is the best evidence of the same, and that State Farm denies everything at variance therewith.

45.

State Farm denies the allegations of paragraph 45. Respondent calls for strict proof.

46.

State Farm denies the allegations of paragraph 46. Respondent calls for strict proof.

47.

State Farm denies the allegations of paragraph 47. Respondent calls for strict proof.

48.

State Farm denies the allegations of paragraph 48. Respondent calls for strict proof.

49.

State Farm denies the allegations of paragraph 49. Respondent calls for strict proof.

50.

7411.0096

State Farm denies the allegations of paragraph 50.  Respondent calls for strict proof.

51.

State Farm denies the allegations of paragraph 51.  Respondent calls for strict proof.

## V.    DAMAGES

State Farm re-asserts the answers contained in the preceding paragraphs above, as if restated herein.

52.

State Farm denies the allegations of paragraph 52.

53.

State Farm denies the allegations of paragraph 53.  Respondent calls for strict proof.

## VI.    JURY DEMAND

State Farm re-asserts the answers contained in the preceding paragraphs above, as if restated herein.

54.

State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. However, State Farm does not contest the allegations of paragraph 54 regarding Plaintiffs' request for a trial by jury.

## VII.    PRAYER FOR RELIEF

State Farm re-asserts the answers contained in the preceding paragraphs above, as if restated herein.

55.

State Farm denies the allegations of paragraph 55.  Respondent calls for strict proof.

7411.0096

Furthermore, the allegations of any unnumbered or misnumbered paragraphs are denied out of an abundance of caution.  State Farm denies that Plaintiffs are entitled to the relief sought in their prayer for relief.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST DEFENSE**</u>

The claims stated in the Petition are based on a contract of insurance between the parties. State Farm avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

<u>**SECOND DEFENSE**</u>

State Farm avers that the insurance policy at issue states the following:

**SECTION I – PROPERTY COVERAGES**

\*\*\*

**COVERAGE C – LOSS OF USE**

The most *we* will pay for the sum of all losses combined under **Additional Living Expense, Fair Rental Value,** and **Prohibited Use** is the limit of liability shown in the ***Declarations*** for **Coverage C – Loss of Use.**

1. **Additional Living Expense**.  When a ***loss insured*** causes the ***residence premises*** to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an ***insured*** to maintain their normal standard of living for up to 24 months.  ***Our*** payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

   b. the time required for ***your*** household to settle elsewhere; or

   c. 24 months.

This period of time is not limited by the expiration of this policy.

*We* will not pay more than the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use.**  Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

2.  **Fair Rental Value.**  When a *loss insured* causes that part of the *residence premises* rented to others or held for rental by *you* to become uninhabitable, *we* will pay its fair rental value. Payment will be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months.  This period of time is not limited by the expiration of this policy.  Fair rental value will not include any expense that does not continue while that part of the *residence premises* rented or held for rental is uninhabitable.

3.  **Prohibited Use.**  *We* will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits *your* use of the *residence premises*, provided that:

    a.  direct physical damage occurs to any property, other than covered property located on the *residence premises*, arising from a cause of loss that would be a *loss insured* under this policy if the damage had occurred to property on the *residence premises*;

    b.  the *residence premises* is within one mile of property damaged by a cause of loss identified in 3.a. above; and

    c.  the action of the civil authority is taken in response to:

        (1) dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

        (2) dangerous physical conditions resulting from the damage caused by the cause of loss identified in 3.a. above; or

        (3) the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

    *We* will not pay for loss or expense due to cancellation of a lease or agreement.

**SECTION I – ADDITIONAL COVERAGES**

The following Additional Coverages are subject to all the terms, provisions, exclusions, and conditions of this policy.

7411.0096

1. **Debris Removal.**  *We* will pay the reasonable expenses *you* incur in the removal of debris of covered property damaged by a *loss insured*.  This expense is included in the limit applying to the damaged property.  The following coverages and limits also apply:

   a. When the amount payable for the property damage plus the debris removal exceeds the limit for damaged property, an additional 5% of that limit is available for debris removal expense.  This additional amount of insurance does not apply to **SECTION I – ADDITIONAL COVERAGES, Trees, Shrubs, and Landscaping.**

   b. *We* will also pay up to $1,000 total for each loss to cover the reasonable expenses *you* incur in the removal of tree debris and stumps from the *residence premises*, unless otherwise excluded.  This coverage applies when:

      (1) the tree has caused a *loss insured* to Coverage A property; or

      (2) the tree debris felled by windstorm, hail, or weight of snow or ice blocks:

         (a) the driveway, on the *residence premises*, and prevents land *motor vehicle* access to or from the *dwelling*; or

         (b) a ramp designed to assist persons with disabilities, on the *residence premises*, and prevents access to or from a *building structure*.

2. **Temporary Repairs**.  If damage is caused by a *loss insured, we* will pay the reasonable and necessary cost *you* incur for temporary repairs to covered property to protect the property from further immediate damage or loss.  This coverage does not increase the limit applying to the property being repaired.

3. **Trees, Shrubs, and Landscaping.**  *We* will pay for accidental direct physical loss to outdoor:

   a. trees, shrubs, live or artificial plants, and lawns;

   b. artificial grass; and

   c. hardscape property used for aesthetic purposes not permanently affixed to realty;

   on the *residence premises*, caused by the following perils: **Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles** (not owned or operated by a resident of the *residence premises*), **Vandalism or malicious mischief,** or **Theft**.

   The limit for this coverage, including the removal of debris, will not exceed 5% of the amount shown in the *Declarations* for **COVERAGE A- DWELLING**.  *We* will not pay more than $750 for any one outdoor tree, shrub, plant, or hardscape item, including debris removal

7411.0096

expense.  This coverage may increase the limit otherwise applicable.  ***We*** will not pay for any loss to property grown for ***business*** purposes.

***

7.  **Power Interruption.**  ***We*** will pay for accidental direct physical loss caused directly or indirectly by a change of temperature that results from power interruption that takes place on the ***residence premises***.  The power interruption must be caused by a ***loss insured*** occurring on the ***residence premises***.  The power lines off the ***residence premises*** must remain energized.  This coverage does not increase the limit applying to the damaged property.

8.  **Refrigerated Products.**  Coverage B is extended to cover the contents of deep freeze or refrigerated units on the ***residence premises*** for loss due to power failure or mechanical failure.  If mechanical failure of power failure is known to ***you***, all reasonable means must be used to protect the property insured from further damage or this coverage is void.  Power failure or mechanical failure does not include:

   a.  removal of a plug from an electrical outlet; or

   b.  turning off an electrical switch unless caused by a ***loss insured***.

   This coverage does not increase the limit applying to the damaged property.

***

11. **Collapse.**  ***We*** will pay for accidental direct physical loss to covered property involving the abrupt, entire collapse of a ***building structure*** or any part of a ***building structure***.

   a.  Collapse means the abrupt and entire falling down, caving in, or falling into pieces of a ***building structure*** or any part of a ***building structure***. Collapse does not include any of the following:

      (1) settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending;

      (2) substantial structural impairment;

      (3) imminent or threatened collapse;

      (4) a ***building structure*** or any part of the ***building structure*** that is in danger of falling down or caving in; or

      (5) a part of a ***building structure*** that is standing even if:

14

      (a) it has separated from another part of the ***building structure***; or

      (b) it shows evidence of settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending.

b.  The collapse must be directly and immediately caused by one or more of the following:

    (1) perils described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**.  These perils apply to ***building structures*** covered under Coverage A or Coverage B for loss insured by this Additional Coverage;

    (2) decay or deterioration of, or damage from animals, birds, or insects to:

      (a) a connector; or

      (b) a structural member of a ***building structure***;

      The decay, deterioration, or damage must be hidden from view and unknown to all ***insureds*** prior to the collapse;

    (3) weight of contents, equipment, animals, or people;

    (4) weight of ice, snow, sleet, or rain that collects on a roof, porch, or deck; or

    (5) use of defective material or methods in the construction (includes remodeling or renovation) of the ***building structure***, if the collapse occurs during the course of the construction of the ***building structure***.

      Loss to awnings, fences, patios, payment, swimming pools, underground pipes, flues, drains, cesspools, septic tanks, foundations (including slabs, basement walls, and crawl space walls), retaining walls, bulkheads, piers, wharfs, docks, trellises, or antennas and their supporting structures is not included under items (2), (3), and (4) immediately above unless the loss is the direct and immediate result of the collapse of a ***building structure*** or any part of a ***building structure***.

This coverage does not increase the limit applying to the damaged property.

## <u>THIRD DEFENSE</u>

State Farm pleads the following limitations, conditions and exclusions as to Section I

Conditions are applicable:

## SECTION I – CONDITIONS

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, *we* will not be liable:

   a. to the ***insured*** for an amount greater than the ***insured's*** interest; or

   b. for more than the applicable limit of liability.

2. **Your Duties After Loss.** After a loss to which this insurance may apply, ***you*** must cooperate with ***us*** in the investigation of the claim and also see that the following duties are performed:

   a. give immediate notice to ***us*** or ***our*** agent and also notify:

      (1) the police if the loss is caused by theft, vandalism, or any other criminal act; and

      (2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

   b. protect the property from further damage or loss and also:

      (1) make reasonable and necessary temporary repairs required to protect the property; and

      (2) keep an accurate record of repair expenses;

   c. prepare an inventory of damaged or stolen personal property:

      (1) showing in detail the quality, description, age, replacement cost, and amount of loss; and

      (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

   d. as often as *we* reasonably require:

      (1) exhibit the damaged property;

      (2) provide ***us*** with any requested records and documents and allow ***us*** to make copies;

      (3) while not in the presence of any other ***insured***:

         (a) give statements; and

16

7411.0096

      (b) submit to examinations under oath; and

   (4) produce employees, members of the ***insured's*** household, or others for examination under oath to the extent it is within the ***insured's*** power to do so; and

e. submit to ***us,*** within 60 days after the loss, ***your*** signed, sworn proof of loss that sets forth, to the best of ***your*** knowledge and belief:

   (1) the time and cause of loss;

   (2) interest of the ***insured*** and all others in the property involved and all encumbrances on the property;

   (3) other insurance that may cover the loss;

   (4) changes in title or occupancy of the property during the term of this policy;

   (5) specifications of any damaged structure and detailed estimates for repair of the damage;

   (6) an inventory of damaged or stolen personal property described in 2.c.;

   (7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

***

However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, ***you*** must submit the proof of loss to ***us*** within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying ***you*** access to ***your*** property.

***

4. **Appraisal.** If ***you*** and ***we*** fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only ***you*** or ***we*** may demand appraisal. A demand for appraisal must be in writing. ***You*** must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.

7411.0096

a.  Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.

b.  The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them.  In all instances the written report of agreement will be itemized and state separately the ***actual cash value***, replacement cost, and if applicable, the market value of each item in dispute.

The written report of agreement will set the amount of the loss of each item in dispute.

c.  If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire.  If the appraisers are unable to agree upon an umpire within 15 days:

(1) ***you*** or ***we*** may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the ***residence premises*** is located to select an umpire;

(2) the party requesting the selection described in item c.(1) must provide the other party:

(a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application;

(b) a copy of the written application; and

(3) a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute.  In all instances the written report of agreement will be itemized and state separately the ***actual cash value***, replacement cost, and if applicable, the market value of each item in dispute.

d.  To qualify as an appraiser or umpire for a loss to property described in **COVERAGE A – DWELLING**, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:

(1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute;

(2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or

       (3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute.

e.   A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:

       (1) has performed services for either party with respect to the claim at issue in the appraisal; or

       (2) has a financial interest in the outcome of the claim at issue in the appraisal.

f.   Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by *you* and *us*.

g.   ***You*** and *we* do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute. Appraisal deprives neither *you* nor *us* of access to the courts.

h.   Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

       (1) any other questions of fact;

       (2) questions of law;

       (3) questions of coverage;

       (4) other contractual issues; or

       (5) to conduct appraisal on a class-wide basis.

i.   Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.

j.   A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

5.  **Other Insurance.** If a loss covered by this policy is also covered by other insurance, *we* will pay only *our* share of the loss. *Our* share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

7411.0096

6. **Suit Against Us.**  No action will be brought against *us* unless there has been full compliance with all of the policy provisions.  Any action by any party must be started within two years after the date of loss or damage.

7. **Our Option.**  *We* may repair or replace any part of the property damaged or stolen with property of like kind and quality.  Any property *we* pay for or replace becomes *our* property.

8. **Loss Payment.**  *We* will adjust all losses with *you.  We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment.  The undisputed portion of the loss will be payable 30 days after *we* receive the satisfactory sworn statement of loss.

9. **Abandonment of Property.**  *We* need not accept any property abandoned by an ***insured***.

10. **Mortgagee Clause.**  The word "mortgagee" includes trustee.

   a. If a mortgagee is named in this policy, any loss payable under Coverage A will be paid o the mortgagee and *you*, as interests appear.  If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

   b. If *we* deny *your* claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

      (1) notifies *us* of any change in ownership, occupancy, or substantial change in risk of which the mortgagee is aware;

      (2) pays on demand any premium due under this policy, if *you* have not paid the premium; and

      (3) submits a signed, sworn statement of loss within 60 days after receiving notice from *us* of *your* failure to do so.  Policy conditions relating to **Appraisal, Suit Against Us,** and **Loss Payment** apply to the mortgagee.

   c. If *we*:

      (1) cancel this policy, the mortgagee will be notified at least:

         (a) 10 days before the date cancellation takes effect if the policy is cancelled for nonpayment of premium; or

         (b) 30 days before the date cancellation takes effect if the policy is cancelled for any other reason;

7411.0096

(2) nonrenew this policy, the mortgagee will be notified at least 30 days before the expiration date of this policy.

Proof of mailing will be proof of notice.

d.  If *we* pay the mortgagee for any loss and deny payment to *you*:

(1) *we* are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

(2) at *our* option, *we* may pay to the mortgagee the whole principal on the mortgage plus any accrued interest.  In this event, will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

e.  Subrogation does not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

11. **No Benefit to Bailee.  *We*** will not recognize an assignment or grant coverage for the benefit of a person organization holding, storing, or transporting property for a fee.  This applies regardless of any other provision of this policy.

12.  **Recovered Property**.  If either *you* or *we* recover any property after loss settlement, that party must give the other prompt notice.  At *your* option, *you* may keep the property or *we* will return it to *you*.  Otherwise, it will become *our* property.  If *you* choose to keep the property, the loss payment will be adjusted based on the amount *you* received for the recovered property.

13. **Assignment of Claim.**  Assignment to another party of any of *your* rights or duties under this policy regarding any claim, or any part of any claim, whether the assignment is made prior to or after the loss, will be void.  *We* will not recognize any assignment, unless *we* give *our* written consent.  However, once *you* have complied with all policy provisions, *you* may assign to another party, in writing, payment of claim proceeds otherwise payable to *you*.

## FOURTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

**SECTION I – LOSS SETTLEMENT**

Only the **Loss Settlement Provisions** shown in the ***Declarations*** apply.  ***We*** will settle covered property losses according to the following.  However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for ***diminution in value***.

**COVERAGE A – DWELLING**

21

1. A1 – Replacement Cost Loss Settlement – Similar Construction.

   a. **We** will pay the cost to repair or replace with like kind and quality for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

      (1) Until actual repair or replacement is completed, **we** will pay only the **actual cash value** of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

      (2) When the repair or replacement is actually completed, **we** will pay the covered additional amount **you** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

      (3) To receive any additional payments on a replacement cost basis, **you** must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify **us** within 30 days after the work has been completed; and

      (4) **we** will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a **building structure** or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law.**

   b. Wood Fences:  **We** will pay the **actual cash value** for loss or damage to wood fences, not to exceed the limit of liability shown in the **DECLARATIONS** for **COVERAGE A – Other Structures.**

                                    ***

**COVERAGE B – PERSONAL PROPERTY**

1. **B1 – Limited Replacement Cost Loss Settlement**

   a. **We** will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY** with property of like kind and quality, except for property listed in item b. below, subject to the following:

7411.0096

(1) until repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged property;

(2) after repair or replacement is completed, *we* will pay the difference between the ***actual cash value*** and the cost *you* have actually and necessarily spent to repair or replace the property; and

(3) if property is not repaired or replaced within two years after the date of loss, *we* will pay only the ***actual cash value***.

b.  *We* will pay market value at the time of loss for:

(1) antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

(2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

(3) property not useful for its intended purpose.

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

(1) ***our*** cost to replace at the time of loss;

(2) the full cost of repair;

(3) any special limit of liability described in this policy; or

(4) any applicable Coverage B limit of liability.

**<u>FIFTH DEFENSE</u>**

State Farm pleads the following Endorsement Option OL – Building Ordinance and Law and Option ID – Increased Dwelling Limit:

**Option OL – Building Ordinance or Law.**

1.  **Coverage Provided.**  The total limit of insurance provided by this option will not exceed an amount equal to the Option OL percentage shown in the ***Declarations*** of the Coverage A limit shown in the ***Declarations*** at the time of the loss, as adjusted by the Inflation Coverage

7411.0096

provisions of this policy.  This is an additional amount of insurance and applies to **building structures** on the **residence premises**.

2. **Damaged Portions of Building Structure.**  When a **building structure** covered under **COVERAGE A – DWELLING** is damaged by a **loss insured, we** will pay for the increased cost to repair or rebuild the physically damaged portion of the **building structure** caused by the enforcement of a building, zoning, or land use ordinance or law if the enforcement is directly caused by the same **loss insured** and the requirement is in effect at the time the **loss insured** occurs.

3. **Undamaged Portions of Damaged Building Structure.**  When a **building structure** covered under **COVERAGE A – DWELLING** is damaged by a **loss insured, we** will also pay for:

   a. the cost to demolish and clear the site of the undamaged portions of the **building structure** caused by the enforcement of a building, zoning, or land use ordinance or law if the enforcement is directly caused by the same **loss insured** and the requirement is in effect at the time the **loss insured** occurs; and

   b. loss to the undamaged portion of the **building structure** caused by enforcement of any ordinance or law if:

      (1) the enforcement is directly caused by the same **loss insured;**

      (2) the enforcement requires the demolition of portions of the same **building structure** not damaged by the same **loss insured**;

      (3) the ordinance or law regulates the construction or repair of the **building structure,** or establishes zoning or land use requirements at the described premises; and

      (4) the ordinance or law is in force at the time of the occurrence of the same **loss insured**; or

   c. legally required changes to the undamaged portion of the **building structure** caused by the enforcement of a building, zoning, or land use ordinance or law, if:

      (1) the enforcement is directly caused by the same **loss insured**;

      (2) the requirement is in effect at the time the **loss insured** occurs; and

      (3) the legally required changes are made to the undamaged portions of specific **building structure** features, systems, or components that have been physically damaged by the **loss insured**.

7411.0096

*We* will not pay for legally required changes to specific ***building structure*** features, systems, or components that have not been physically damaged by the ***loss insured***.

4. **Building Ordinance or Law Coverage Limitations.**

   a. *We* will not pay for any increased cost of construction:

      (1) until the ***building structure*** is actually repaired or replaced at the same time or another premises in the same general vicinity;

      (2) unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years; and

      (3) due to any original or subsequent construction, addition, modification, renovation, remodel, or repair to a ***building structure*** that did not comply with a building, zoning, or land use ordinance or law in effect when the construction, addition, modification, renovation, remodel, or repair was performed.

   b. *We* will not pay more under this coverage than the amount ***you*** actually spend:

      (1) for the increased cost to repair or rebuild the ***building structure*** at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

      (2) to demolish and clear the site of the undamaged portions of the ***building structure*** caused by the enforcement of building, zoning, or land use ordinance or law.

   *We* will not pay for more than a ***building structure*** of the same height, floor area, and style on the same or similar premises as the ***building structure***, subject to the limit provided in paragraph 1. **Coverage Provided** of this option.

   State Farm pleads the following Endorsement Option ID – Increased Dwelling Limit:

**Option ID – Increased Dwelling Limit.** *We* will settle losses to damaged ***building structures*** covered under **COVERAGE A – DWELLING** according to the ***Loss Settlement Provision*** shown in the ***Declarations***.

1. If the amount ***you*** actually and necessarily spend to repair or replace the damaged ***dwelling*** exceeds the limit of liability shown in the ***Declarations*** for Coverage A – Dwelling, ***we*** will pay the additional amounts not to exceed the Option ID limit shown in the ***Declarations***.

2. If the amount ***you*** actually and necessarily spend to repair or replace damaged ***building structures*** covered under **COVERAGE A – DWELLING, Other Structures** exceeds the

limit of liability shown in the **Declarations** for Other Structures, *we* will pay the additional amounts not to exceed 10% of the Option ID limit shown in the ***Declarations***.

**Report Increase Values.   *You*** must notify *us* within 90 days of the start of construction of any new ***building structure*** costing $5,000 or more; or any additions to or remodeling of ***building structures*** that increase their values by $5,000 or more.   ***You*** must pay any additional premium due for the increased value.   ***We*** will not pay more than the applicable limit of liability shown in the ***Declarations*** if *you* fail to notify *us* of the increased value within 90 days.

## SIXTH DEFENSE

State Farm avers that that insurance policy at issue states the following:

## SECTION I – PROPERTY COVERAGES

## COVERAGE A – DWELLING

1. **Dwelling.   *We*** cover the ***dwelling*** and materials and supplies located on or adjacent to the ***residence premises*** for use in the construction, alteration, or repair of the ***dwelling*** or other structures on the ***residence premises***.

2. **Other Structures.   *We*** cover other structures on the ***residence premises,*** separated from the ***dwelling*** by clear space.   Structures connected to the ***dwelling*** by only a fence, utility line, or similar connection are considered to be other structures.

## SECTION I – LOSSES INSURED

## COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION 1- LOSSES NOT INSURED** or otherwise excluded or limited in this policy.   However, loss does not include and *we* will not pay for, any ***diminution in value***.

## SECTION I – LOSSES NOT INSURED

1. *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

26

a. collapse, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Collapse;**

***

f. seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

    (1) and is:

        (a) continuous;

        (b) repeating;

        (c) gradual;

        (d) intermittent;

        (e) slow; or

        (f) trickling; and

    (2) from a:

        (a) heating, air conditioning, or automatic fire protective sprinkler system;

        (b) household appliance; or

        (c) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time;

g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

h. corrosion, electrolysis, or rust;

i. wet or dry rot;

***

27

7411.0096

k.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

l.  all animals, birds, or insects.

    (1) This includes:

        (a) nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects;

        (b) costs to remove animals, birds, or insects from the covered property; and

        (c) costs to prevent the animals, birds, or insects from returning to the property;

    (2) However, *we* will pay for:

        (a) losses caused by wild bears or deer; and

        (b) the breakage of glass or safety glazing material that is a part of a ***building structure,*** when caused by animals, birds, or insects;

m. pressure from or presence of tree, shrub, or plant roots; or

***

However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

2.  *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events.  *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

    a.  ***Ordinance or Law***, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure.

    b.  ***Earth Movement***, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth.  Earth movement includes but is not limited to:

28

*\*\**

(3) Sinkhole or subsidence;

*\*\**

(5) Erosion;

*\*\**

However, *we* will pay for any accidental direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a *loss insured*.

c. **Water**, meaning:

(1) flood;

(2) surface water.  This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;

(3) waves (including tidal wave, tsunami, and seiche);

(4) tides or tidal water;

(5) overflow of any body of water (including any release, escape, or rising of any body of water, or any water held, contained, controlled, or diverted by a dam, levee, dike, or any type of water containment, diversion, or flood control device);

(6) spray or surge form any of the items c.(1) through c.(5) described above, all whether driven by wind or not;

*\*\**

However, *we* will pay for any accidental direct physical loss by fire, explosion, or theft resulting from water, provided the resulting loss is itself a *loss insured.*

d. **Neglect**, meaning neglect of the *insured* to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

*\*\**

g. *Fungus*, including:

29

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement, by ***fungus***;

(2) any remediation of ***fungus***, including the cost to:

    (a) remove the ***fungus*** from covered property or to repair, restore, or replace that property; or

    (b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

***

3.  ***We*** will not pay for, under any part of this policy, any loss consisting of one or more of the items below.  Further, ***we*** will not pay for any loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    a.  conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

    b.  defect, weakness, inadequacy, fault, or unsoundness in:

        (1) planning, zoning, development, surveying, or siting;

        (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

        (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

        (4) maintenance;

    of any property (including land, structures, or improvements of any kind) whether on or off the ***residence premises***; or

    c.  weather conditions.

7411.0096

However, *we* will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

## SEVENTH DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs have suffered any damage, as alleged, such damage was caused in whole or in part by the action of Plaintiffs and/or third parties for whom State Farm is not responsible.

## EIGHTH DEFENSE

State Farm had no general or specific duties to Plaintiffs under the facts alleged in Plaintiffs' Petition. Further, assuming arguendo that State Farm had general and/or specific duties to the Plaintiffs under the facts alleged, no such duties were breached.

## NINTH DEFENSE

State Farm avers that if any of the Plaintiffs' damages are the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

## TENTH DEFENSE

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been paid everything that they are owed under this insurance policy, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit and/or a set-off of all amounts previously paid.

## ELEVENTH DEFENSE

7411.0096

Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm and, as a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentation. Plaintiffs are presumed to know the terms and conditions of their insurance policy.

## TWELFTH DEFENSE

Plaintiffs' recovery pursuant to the policy issue, if any, is limited to any previously uncompensated losses covered by such policy. Plaintiffs may not recover for losses previously compensated under any policy providing insurance, and State Farm reserves the right to seek an offset for such payments.

## THIRTEENTH DEFENSE

State Farm adjusted Plaintiffs' claim in good faith, and in accordance with the terms and conditions of the applicable State Farm Insurance policy, and in compliance with applicable statutory jurisprudential law.

## FOURTEENTH DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorney's fees or penalties under the facts of this case.

## FIFTEENTH DEFENSE

The petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

## SIXTEENTH DEFENSE

To the extent that Plaintiffs allege that State Farm or any of its agents or representatives made misrepresentations or misled them about coverage for Plaintiffs' damages or the scope of

7411.0096

the policy's conditions and exclusions, Plaintiffs were in possession of clear policy language indicating such damage was excluded.  The insured is responsible for reading the policy and is presumed to know its terms, such that Plaintiffs could not justifiably rely on any alleged misrepresentation of State Farm or its agents or representatives about the types of coverage they had when they were in possession of a policy which made clear indication to the contrary.

### SEVENTEENTH DEFENSE

Although State Farm denies that State Farm, in any manner, breached its contractual or statutory duties to Plaintiffs, should Plaintiffs establish a breach of contract and/or violations of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

### EIGHTEENTH DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under the State Farm policy, State Farm pleads such representations are in violation of terms and conditions of said policy, thereby voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said policy, which are pled as if copied in its entirety.

### NINETEENTH DEFENSE

To the extent that Plaintiffs were insured under a flood insurance policy and received payment pursuant to such policy for such losses, Plaintiffs are estopped from asserting a claim that any losses previously compensated under their flood insurance policy.

### TWENTIETH DEFENSE

7411.0096

Plaintiffs are responsible for reading their policy, as well as any renewal notices, and are presumed to know the provisions of the policy, including but not limited to the insurer's limit of liability, and may not avail themselves of ignorance of the policy or law.

### TWENTY-FIRST DEFENSE

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the declarations page of the policy.

### TWENTY-SECOND DEFENSE

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that the Plaintiffs have breached these provision(s), any alleged coverage is precluded under the State Farm policy and are pled herein as if copied in full.

### TWENTY-THIRD DEFENSE

The comparative fault and/or negligence of Plaintiffs, including but not limited to the failure to review the terms of the coverage, the failure to property communicate to State Farm, the State Farm agent, and the failure to act as a prudent person under the circumstance, diminishes or bars Plaintiffs' recovery herein.

### TWENTY-FOURTH DEFENSE

Plaintiffs have knowledge of what coverage they had, if not upon signing the application for coverage, then upon receipt of the premium notice, declaration page, and/or renewal certificate for every year thereafter.

### TWENTY-FIFTH DEFENSE

7411.0096

Should it be found that the damages sought by Plaintiffs were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

<u>**TWENTY-SIXTH DEFENSE**</u>

State Farm avers the affirmative defense of prescription and/or preemption.

<u>**TWENTY-SEVENTH DEFENSE**</u>

State Farm avers that Plaintiffs' claims are premature.

<u>**TWENTY-EIGHTH DEFENSE**</u>

State Farm avers the affirmative defense of want of amicable demand.

<u>**TWENTY-NINTH DEFENSE**</u>

To the extent that the Plaintiffs have received insurance benefits pursuant to a flood policy for damages to structures and contents, the Plaintiff are estopped from alleging the same and/or similar losses are caused by wind damage.

<u>**THIRTIETH DEFENSE**</u>

State Farm pleads the following limitations, conditions and exclusions as to Section I and Section II Conditions are applicable:

**SECTION I AND SECTION II – CONDITIONS**

7.    **Assignment of Policy**.  Assignment of this policy will be void and *we* will not recognize any such assignment, unless *we* give *our* written consent.

\*\*\*

<u>**THIRTY FIRST DEFENSE**</u>

7411.0096

Should it be determined that the damages that Plaintiffs are seeking were pre-existing or the result of a prior loss or claim, said losses are not recoverable, and/or serve as a bar and/or diminution to Plaintiffs' recovery under the policy for this claim.

**<u>JURY TRIAL REQUEST</u>**

State Farm requests a trial by jury as to all parties and issues herein that are triable to a jury.

**<u>RESERVATION OF RIGHTS</u>**

State Farm gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

WHEREFORE, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there by judgment rendered herein in favor of State Farm and against Plaintiffs, Gary Savelle and Wendy Savelle, dismissing Plaintiffs' claims with prejudice and at their costs, and for all general and equitable relief.

Respectfully submitted,

  _/s/Darrin O'Connor_
**DARRIN M. O'CONNOR (24582)**
**ASHLEY G. HADDAD (37695)**
**DAVID J CREIGHTON (35461)**
Porteous, Hainkel & Johnson L.L.P.
408 N. Columbia Street
Covington, LA  70433-2920
Telephone:  (985) 893-4790
Direct Line:  (985) 246-7454
Direct Fax:  (985) 246-7455

7411.0096

Email:  doconnor@phjlaw.com
ahaddad@phjlaw.com
dcreighton@phjlaw.com
**Counsel for Defendant State Farm Fire and Casualty Company**

## CERTIFICATE OF SERVICE

I do hereby certify that on February 7, 2022, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

*/s/ Darrin M. O'Connor*
DARRIN M. O'CONNOR

7411.0096